

**20SF-CC00191 - RON COMPARATO V. MOCAP LLC (E-CASE)**

| Case File Viewer | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

| | | |
|---|---|---|
| 11/17/2020 | ☐ | **Judge Assigned** |
| 11/16/2020 | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 20-SMCC-766, for JOHN DOE ENTITY. |
| | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 20-SMCC-765, for MOCAP LLC. |
| | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** JACLYN MARIE ZIMMERMANN |
| | ☐ | **Note to Clerk eFiling** |
| | | **Filed By:** JACLYN MARIE ZIMMERMANN |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | **On Behalf Of:** RON COMPARATO |

Case.net Version 5.14.12     Return to Top of Page     Released 11/10/2020

IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **RON CAMPARATO** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No._____ |
| **MOCAP LLC** ) | |
| Serve: Michael C. Krull ) | |
| 409 Parkway Drive ) | |
| Park Hills, MO 63601 ) | |
| ) | |
| And ) | Jury Trial Demanded |
| ) | |
| **JOHN DOE ENTITY** ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for his Petition for Damages against Defendants states:

### Nature of Action

1. This action is brought pursuant to the Americans with Disabilities Act (ADA) for disability discrimination.

### Parties

2. Plaintiff Ron Comparato is an individual over the age of 18 and a resident of Missouri.

3. Defendant MOCAP LLC (hereinafter MOCAP or Defendant) is a Missouri company located at 409 Parkway Drive, Park Hills, Missouri.

4. Pleading hypothetically and in the alternative, Defendant John Doe Entity is a Missouri company located at 409 Parkway Drive, Park Hills Missouri.

10

EXHIBIT 2

5. At all times relevant to this lawsuit, Plaintiff was an employee of Defendant MOCAP and/or John Doe Entity.

6. At all times relevant to this lawsuit, Defendant MOCAP and/or John Doe Entity was an employer within the meaning of the ADA.

## Venue

7. Venue is proper in St. Francois County because all of the events complained of herein occurred in St. Francois County, as the unlawful discriminatory practices occurred in St. Francois County, Missouri.

## Procedural Prerequisites

8. On or about September 26, 2019, Plaintiff timely submitted a charge of discrimination against Defendants with the EEOC, Charge No. 560-2020-00149, where he alleged Defendants unlawfully discriminated against him based on disability.

9. On or about August 19, 2020, the EEOC issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue. (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

## Factual Allegations

10. Plaintiff worked for Defendant MOCAP from January 8, 2018 until he was terminated on January 3, 2019.

11. Plaintiff was an SQL Developer, and part of the Information Technology ("IT") department.

12. Plaintiff's direct supervisor was Jason Froidcoeur.

13. MOCAP manufactures plastic and rubber protective products.

14. Shortly after Plaintiff began the job, he was diagnosed with low testosterone and low blood sugar.

15. These conditions were so severe that Plaintiff suffered neurological damage.

16. Due to these conditions, Plaintiff began receiving weekly shots at a doctor's office.

17. Plaintiff also required further testing to determine the cause of the conditions.

18. Plaintiff asked for accommodations in the form of working from home one day a week, Thursdays, so that he could obtain the shots and further testing.

19. Plaintiff was initially allowed the accommodation from HR.

20. Froidcoeur did not agree with the accommodation.

21. Froidcoeur complained to Plaintiff about the accommodation constantly.

22. Froidcoeur was unhappy that Plaintiff's disability accommodations were being allowed by HR.

23. Froidcoeur began disciplining Plaintiff for working from home.

24. Plaintiff was able to do his work despite having the accommodations, as his job duties were such that he was able to do them at home remotely.

25. On or about January 3, 2019, Plaintiff was terminated by Froidcoeur.

26. Froidcoeur no longer wanted to accommodate Plaintiff's disability.

27. Prior to his termination, Plaintiff had received no criticisms of his work by Froidcoeur or anyone else.

28. Plaintiff was terminated by Froidcoeur because he was disabled and because he asked for accommodations.

**Count I-Violation of the ADA**
**Disability Discrimination**
**Disparate Treatment**

29. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

30. Plaintiff is disabled, as he has physical impairments, including low testosterone, low blood sugar, and neurological damage, that limit one or more of his major life activities, and is therefore a member of a protected group.

31. Because of his disability, Plaintiff was discriminated against and suffered adverse employment action by Defendant, including discipline and termination.

32. Plaintiff was capable of performing the essential functions of his job despite his disability.

33. Plaintiff's disability was a motivating factor in Defendant's conduct.

34. As a result of the discrimination, Plaintiff has suffered damages, including but not limited to lost wages and emotional distress.

35. Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally terminated his employment and discriminated against Plaintiff without just cause or excuse in violation of the ADA.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count II-Violation of the ADA
### Disability Discrimination
### Disparate Treatment/Regarded as Disabled

36. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

37. Plaintiff is disabled, because Defendant regarded Plaintiff as having a disability.

38. Because of his disability, Plaintiff was discriminated against and suffered adverse employment action by Defendant, including discipline and termination.

39. Plaintiff was capable of performing the essential functions of his job despite his disability.

40. Plaintiff's disability was a motivating factor in Defendant's conduct.

41. As a result of the discrimination, Plaintiff has suffered damages, including but not limited to lost wages and emotional distress.

42. Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally terminated his employment and discriminated against Plaintiff without just cause or excuse in violation of the ADA.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count III – Violation of the ADA
### Failure to Accommodate

43. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

44. Plaintiff is disabled and is therefore a member of a protected group.

45. Defendant failed to accommodate Plaintiff's disability despite reasonable requests by Plaintiff, in that he was disciplined for using the accommodation, it stopped accommodating him, and instead fired him.

46. As a result of Defendant's failure to accommodate Plaintiff, Plaintiff suffered adverse employment action and was terminated.

47. Plaintiff's disability was the motivating factor in the adverse employment action taken against him.

48. Plaintiff was damaged as a result of the adverse employment action taken against him.

49. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the ADA.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

    Respectfully submitted,

    PONDER ZIMMERMANN LLC

    By   /s/ Jaclyn Zimmermann
        Jaclyn M. Zimmermann, #57814
        jmz@ponderzimmermann.com
        Douglas Ponder, #54968
        dbp@ponderzimmermann.com
        20 S. Sarah
        St. Louis, MO 63108
        Phone:  314-272-2621
        Fax:  314-272-2713

    Attorneys for Plaintiff Ron Comparato

10

EXHIBIT 2



# IN THE 24TH JUDICIAL CIRCUIT, ST. FRANCOIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 20SF-CC00191 |
|---|---|
| Plaintiff/Petitioner:<br>RON COMPARATO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN MARIE ZIMMERMANN<br>1141 S 7TH STREET<br>STE 309<br>ST LOUIS, MO 63104 |
| Defendant/Respondent:<br> MOCAP LLC | Court Address:<br>1 N WASHINGTON ST<br>FARMINGTON, MO 63640 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** MOCAP LLC
**Alias:**

**409 PARKWAY DRIVE**
**PARK HILLS, MO 63601**

*COURT SEAL OF*

*ST. FRANCOIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

____11/16/2020____        ____/s/Vicki Weible by: Jennifer Webb____
Date                       Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                       Date              Notary Public

**Sheriff's Fees, if applicable**
Summons                            $_____
Non Est                            $_____
Sheriff's Deputy Salary
Supplemental Surcharge             $____10.00_____
Mileage                            $_____ (_____ miles @ $._____ per mile)
**Total**                          $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-765**     1  of  1         Civil Procedure Form No. 1; Rules 54.01 – 54.05,
                                                                EXHIBIT 2                           54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 24TH JUDICIAL CIRCUIT, ST. FRANCOIS COUNTY, MISSOURI

| Judge or Division: | Case Number: **20SF-CC00191** |
|---|---|
| Plaintiff/Petitioner:<br>RON COMPARATO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN MARIE ZIMMERMANN<br>1141 S 7TH STREET<br>STE 309<br>ST LOUIS, MO 63104 |
| Defendant/Respondent:<br>MOCAP LLC | Court Address:<br>1 N WASHINGTON ST<br>FARMINGTON, MO 63640 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JOHN DOE ENTITY
**Alias:**

**409 PARKWAY DRIVE**
**PARK HILLS, MO 63601**

*COURT SEAL OF*

*ST. FRANCOIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

____11/16/2020____   ____/s/Vicki Weible by: Jennifer Webb____
Date                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____
                       Date      Notary Public

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge               $____10.00____
Mileage                              $_____ (_____ miles @ $._____ per mile)
**Total**                            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-766**   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

EXHIBIT 2

IN THE TWENTY-FOURTH JUDICIAL CIRCUIT OF MISSOURI

ORDER ASSIGNING JUDGE

IN THE MATTER OF:

RON COMPARATO
VS
MOCAP LLC

CASE NO. 20SF-CC00191

NOW ON THIS __17th__ day of __November__, 20__20__, the undersigned, as Presiding Judge of the Twenty-fourth Judicial Circuit, pursuant to the powers granted by statute and local court rules, does assign the above-styled cause to the Honorable __Jerel Lee Poor II__.

IT IS FURTHER ORDERED that the judge assigned hereby shall have all powers and responsibilities for this cause as assigned by operation of law and the same shall continue until final disposition of the above-styled matter. The clerk is ordered to notify said Judge and counsel of this appointment.

WENDY WEXLER HORN
PRESIDING JUDGE
24TH JUDICIAL CIRCUIT

EXHIBIT 2